IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| IN RE: | * | |
|  MINH VU HOANG | | Bankruptcy No. 05-21078-TJC |
|  THANH HOANG | * | Bankruptcy No. 05-25738-TJC |
|     Debtors | |  (Chapter 7) |
| | * | |
| | | Jointly Administered Under |
| | * | Bankruptcy No. 05-21078-TJC |
|                        *     *     * | | |
| GARY A. ROSEN, TRUSTEE IN | * | |
|  BANKRUPTCY FOR MINH VU HOANG | | |
|  AND THANH HOANG | * | |
| One Church Street, Suite 802 | | |
| Rockville, MD 20850 | * | |
|     and | | |
| GARY A. ROSEN, TRUSTEE IN | * | |
|  BANKRUPTCY FOR MINBILT | | |
|  REALTY, INC. | * | |
| One Church Street, Suite 802 | | |
| Rockville, MD 20850 | * | |
|     Plaintiff | | |
| | * | |
|     vs. | | Adversary No. _____ |
| | * | |
| NUTMEG, LIMITED LIABILITY | | |
|  COMPANY | * | |
| SERVE: | | |
|  Chau T. Hoang, Resident Agent | * | |
|  9101 Clewerwall Drive | | |
|  Bethesda, MD 20817 | * | |
|     and | | |
| MINH VU HOANG | * | |
| t/a Atienza Funding Group | | |
| 9101 Clewerwall Drive | * | |
| Bethesda, MD 20817 | | |
|     and | | |

THANH HOANG                                          *
t/a Atienza Funding Group
9101 Clewerwall Drive                                *
Bethesda, MD 20817
      Defendants                               *

                          *    *    *    *    *

**COMPLAINT FOR DECLARATORY RELIEF, TURNOVER OF PROPERTY, INJUNCTIVE RELIEF AND FOR SALE OF REAL PROPERTY FREE AND CLEAR OF CLAIMS AND INTERESTS**

COMES NOW, Gary A. Rosen, Trustee, by and through his undersigned counsel, and in support of his *Complaint for Declaratory Relief, Turnover of Property, Injunctive Relief and for Sale of Real Property Free and Clear of Claims and Interests*, respectfully states the following:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this adversary proceeding pursuant to the provisions of 28 U.S.C. §1334, 28 U.S.C. §157 and U.S. District Court Local Rule No. 402. Further, this adversary proceeding is a "core proceeding" pursuant to the provisions of 28 U.S.C. §157(b)(2)(A), (E) (N) and (O). Venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

**Parties**

2. On May 10, 2005, the Debtor Minh Vu Hoang filed her Voluntary Petition under Chapter 11 of the Bankruptcy Code in Case No. 05-21078-NVA and an Order for Relief thereupon was entered. By Order of this Court entered October 28, 2005, said Chapter 11 proceedings were converted to a case under Chapter 7 of the Bankruptcy Code.

3  On July 12, 2005, the Debtor Thanh Hoang filed his Voluntary Petition under Chapter 11 of the Bankruptcy Code in Case No. 05-25738-NVA and an Order for Relief thereupon was entered. By Order of this Court entered September 22, 2005, said Chapter 11 proceedings were

converted to a case under Chapter 7 of the Bankruptcy Code.

4. By Order entered August 31, 2005 in the case of Minh Vu Hoang, the Movant Gary A. Rosen was appointed Chapter 11 Trustee therein. By further Order entered August 31, 2005, the Movant Gary A. Rosen was appointed Chapter 7 Trustee therein.

5. By Order entered September 23, 2005 in the case of Thanh Hoang, the Plaintiff Gary A. Rosen was appointed Chapter 7 Trustee therein.

6. By Order entered September 28, 2005 in both of the above cases, this Court ordered joint administration of the instant proceedings under Case No. 05-21078-NVA.

7. On November 25, 2005 the Plaintiff Minbilt Realty, Inc. ("Minbilt") filed its Voluntary Petition, under Chapter 7 of the Bankruptcy Code in Case No. 05-90379-TJC and an Order for Relief thereupon was entered.

8. By further Order entered February 27, 2007, the Plaintiff Gary A. Rosen was appointed Chapter 7 Trustee therein.

9. The Defendant Nutmeg, LLC (hereinafter "Nutmeg") is a Maryland limited liability company with address as provided in the caption hereof.

10. The Defendant Minh Vu Hoang is an adult resident of the State of Maryland with residence at the address set forth in the caption hereof.

11. The Defendant Thanh Hoang is an adult resident of the State of Maryland with residence at the address set forth in the caption hereof.

### *The Foreclosure Sale of 69th Place*

12  On or about March 8, 2005, R. Douglas Jones and Mary Jane Fischer, Substitute Trustees, employed by or associated with the law firm of Huesman, Jones and Miles, LLC

(hereinafter individually and collectively referred to as "Huesman") caused all of that real property located, known and designated as 521 69th Place, Seat Pleasant, Maryland 20743 (hereinafter "69th Place") to be sold at public auction sale in connection with those foreclosure proceedings then pending in the Circuit Court for Prince George's County, Maryland and captioned as *R. Douglas Jones, et al, Substitute Trustees/Plaintiffs vs. Richard Hayes, Defendant* (Case No. CAE04-01631).

13.   At the sale conducted as aforesaid, Milwood General Partnership ("Millwood"), represented by Minh Vu Hoang in a stated capacity of "Agent", was the successful bidder for 69th Place with a high bid of $196,000.00.  See Express Real Estate Auction Services ("Express") Contract of Sale attached hereto and incorporated by reference herein as "Exhibit 1".

14.   As set forth in the *Advertisement of Sale* for 69th Place (attached to Exhibit 1), the deposit required to be paid by the successful purchaser was in the amount of $10,000.00. Millwood, acting through the Debtor Minh Vu Hoang, tendered said deposit unto Huesman and Express by delivery of a check drawn on the account of Friedman and MacFayden, P.A., Attorney Escrow Account No. 2 dated January 25, 2005 in the amount of $10,000.00 and payable to "Bradbury Heights GP c/o Minh Vu-Hoang, partner" (the "69th Place Deposit Instrument").  See copy of 69th Place Deposit Instrument attached hereto and incorporated by reference herein as "Exhibit 2".  Said 69th Place Deposit Instrument bears also the reference "Re: refund of deposit on purchase – sale void Return Deposit Purchase Money".

15.   Manifestly, all of the monies represented by the 69th Place Deposit Instrument are the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang.  None of the monies evidenced by the 69th Place Deposit Instrument are the property of the Defendant

Nutmeg. Nonetheless, the 69th Place Deposit Instrument was applied in its entirety towards the purchase of 69th Place by Nutmeg.

*Closing on the Purchase of 69th Place*

16. Following the auction sale as described aforesaid, Huesman filed its *Report of Sale* with the Circuit Court for Prince George's County, Maryland; a copy of said *Report of Sale* being attached hereto and incorporated by reference herein as "Exhibit 3". On or about April 28, 2005, said Report of Sale was ratified by the said Circuit Court; a copy of said Order being attached hereto and incorporated by reference herein as "Exhibit 4".

17. Following the ratification of said sale, and following some predictable delay, Millwood caused to be filed in the said Circuit Court a *Motion With Consent for Substitution of Purchaser* seeking to substitute the Defendant Nutmeg in the place and stead of Millwood as the purchaser of 69th Place; a copy of said *Motion* being attached hereto and incorporated by reference herein as "Exhibit 5". On July 20, 2005, the Circuit Court for Prince George's County, Maryland entered its *Order* granting said *Motion* and substituting the Defendant Nutmeg as the purchaser of 69th Place; a copy of said *Order* being attached hereto and incorporated by reference herein as "Exhibit 6".

18. Following the entry of that *Order* authorizing the substitution of Nutmeg as the purchaser of 69th Place, closing was conducted upon said purchase as appears by reference to that executed *HUD-1 Settlement Statement* prepared by Minbilt Realty, Inc.[1] and dated July 28, 2005; a copy of said *HUD-1 Settlement Statement* being attached hereto and incorporated by

---

[1] Minbilt Realty, Inc., of course, is a Debtor in proceedings before this Court in Case No. 05-90379.

reference herein as "Exhibit 7".

19.  In order to remit to Huesman the adjusted balance of the purchase price together with all closing costs, the Debtor Minh Vu Hoang, acting through Nutmeg[2], tendered unto Huesman aggregate settlement proceeds in the amount of $191,840.49.  Said aggregate sum was tendered unto Huesman as follows:

A.  Provident Bank Check No. 0202 apparently dated July 20, 2005 in the amount of $496.86 payable to "Huesman, Jones And Miles, LLC" ("69th Place Settlement Instrument No.1"; a copy of 69th Place Settlement Instrument No. 1 being attached hereto and incorporated by reference herein as "Exhibit 8".

B.  Wire-transfer effected by Bank of America, N.A. from the account of "NRT Mid-Atlantic Title Svcs Clients Funds Account MAHT" in the amount of $191,343.63 payable to "Huesman, Jones Miles" and bearing reference of "8172 Great Bend Road, Glen Burnie, MD 21061/Boswell G.P." (said wire-transfer confirmation being hereinafter referred to as "Settlement Instrument No. 2; a copy of Settlement Instrument No. 2 being attached hereto and incorporated by reference herein as "Exhibit 9").

### 69th Place Settlement Instrument No. 1

20.  Examination of Settlement Instrument No. 1 reveals on its face that the same is a check drawn upon the account of "Minbilt Company" payable to "Huesman, Jones & Miles, LLC" in the amount of $496.86.

---

[2]  Interestingly, although the Debtor Minh Vu Hoang had, just one week prior thereto, obtained the above-described *Order* substituting Nutmeg as the purchase in the place and stead of Millwood, the *HUD-1 Settlement Statement* prepared by Minh Vu Hoang on July 28, 2005 continues to refer to the purchaser as "Millwood General Partnership".

21. On information and belief, the reference "Minbilt Company" refers to Minbilt Realty, Inc. As heretofore noted, Minbilt, Inc. is the Debtor in Case No. 05-90379 now pending before this Court. As noted aforesaid, your Plaintiff/Trustee is the Chapter 7 Trustee duly appointed and serving in said proceedings.[3]

22. All of the monies evidenced by the 69th Place Settlement Instrument No. 1 are the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang or of the Bankruptcy Estate of Minbilt Realty, Inc. None of the monies evidenced by the 69th Place Settlement Instrument No. 1 are the property of Nutmeg. Nonetheless, the 69th Place Settlement Instrument No. 1 was applied in its entirety towards the purchase of 69th Place by Nutmeg.

### 69th Place Settlement Instrument No. 2

23. Even cursory examination of 69th Place Settlement Instrument No. 2 reveals that the same evidences a wire-transfer from NRT Mid-Atlantic Title Services, Inc. ("Mid-Atlantic") of certain settlement proceeds derived from the sale of that real property located at 8172 Great Bend Road, Glen Burnie, Maryland 20161 ("Great Bend"). As hereinafter explicated, all of the equity and ownership in Great Bend was owned by Boswell General Partnership ("Boswell"), a Maryland general partnership formerly owned by the Debtors Minh Vu Hoang and/orThanh

---

[3] Further, as is well-known to this Court, all of the equity and ownership in Minbilt is owned by your Plaintiff/Trustee either directly by virtue of his succession to the ownership interest of the Debtors Minh Vu Hoang and Thanh Hoang, or by virtue of that assignment of the ownership interests therein of Van T. Vu and Hao Vu as effected in connection with the settlement of the substantive consolidation proceedings involving those former Debtors in Case Nos. 05-26521 and 05-26765.

Hoang together with Van T. Vu.[4]  As such, and as hereinafter described in detail, all of the proceeds derived from the sale of Great Bend and as are evidenced by Settlement Instrument No. 2 are the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang.  None of the monies evidenced by 69th Place Settlement Instrument No. 2 are the property of Nutmeg.  Nonetheless, 69th Place Settlement Instrument No. 2 was applied in its entirety towards the purchase of 69th Place by Nutmeg.

24.  Following that closing as described aforesaid, Huesman executed and delivered unto Nutmeg its *Deed* dated July 28, 2005; which said *Deed* is recorded among the Land Records of Prince George's County, Maryland at Liber 23370, folio 511; a copy of which said *Deed* is attached hereto and incorporated by reference herein as "Exhibit 13".

*The Sham Deed of Trust on 69th Place*

25.  Notwithstanding that the entire purchase price for 69th Place was paid from funds belonging to the Bankruptcy Estates herein, or which were traceable to assets belonging to the Debtors and the Bankruptcy Estates herein, the Debtors caused to be recorded among the Land

---

[4] Your Trustee's investigation has unearthed two separate *Partnership Agreements* related to Boswell General Partnership as well as a separate *Partnership Resolution* confirming the identity of the partners thereof.  By a *Partnership Agreement* dated October, 2004, Boswell purportedly was established with the Debtor Thanh Hoang owning 90% thereof and his sister-in-law Van T. Vu owning 10% of the partnership.  See *Partnership Agreement* attached hereto and incorporated by reference herein as "Exhibit 10".  *See* also, *Partnership Agreement* purportedly dated September 15, 2004 noting the Debtor Minh Vu Hoang and her siblings Hao Vu and Van T. Vu as the partners of Boswell; a copy of which said *Partnership Agreement* is attached hereto and incorporated by reference herein as "Exhibit 11".  *See* also, a *Partnership Resolution* dated June 4, 2005 noting the partners of Boswell as the Debtor Thanh Hoang and his sister-in-law, Van T. Vu; a copy of said *Partnership Resolution* being attached hereto and incorporated by reference herein as "Exhibit 12".

Records of Prince George's County, Maryland immediately following the *Deed* from Huesman as described in the immediately preceding paragraph a *Purchase Money Deed of Trust* (the "*Deed of Trust*"); which said *Deed of Trust* is recorded among said Land Records at Liber 23370, folio 515; a copy of which said *Purchase Money Deed of Trust* is attached hereto and incorporated by reference herein as "Exhibit 14". Said *Deed of Trust* recites that 69th Place was purchased with the proceeds of an alleged $196,000.00 loan to Nutmeg from "Atienza Funding Group".

      26. While the mere existence of said *Deed of Trust* is remarkable in the context of a purchase which manifestly was effected without outside financing, the form of that *Deed of Trust* further belies its integrity. In that regard, your Plaintiff/Trustee respectfully notes the following anomalies with respect to the same:

- Although the *Deed of Trust* purports to evidence purchase money financing extended on July 28, 2005, the same is acknowledged by the Notary Public on November 4, 2005.

- Notwithstanding the requirements of Maryland Real Property Code §7-109, the *Deed of Trust* is bereft of an *Affidavit of Disbursement*; which said *Affidavit* usually takes the form of a separate or more extensive Notary Public's acknowledgment expressly including those elements required by Maryland Real Property Code §7-109.

- Once offered for record among the Land Records, legitimate mortgages and deeds of trust invariably provide mailing instructions requesting that the Clerk of the Circuit Court forward the original recorded instrument to the lender at the

lender's business address. Review of the *Deed of Trust* reveals that the instruction thereon directs its return to the alleged Borrower, the Defendant Nutmeg, LLC at its stated address of 7915 Jensen Place, Bethesda, Maryland.[5]

27. Upon information and belief, Atienza Funding Group is a fictious name and/or alter-ego employed by the Defendants Minh Vu Hoang and Thanh Hoang to further their fraudulent manipulation of 69th Place and the ownership thereof.

*The Foreclosure Sale of Great Bend*

28. On or about September 16, 2004, Alvin E. Friedman, *et al*, Substitute Trustees, employed by or associated with the law firm of Friedman and MacFayden, P.A. ("hereinafter individually and collectively referred to as "Friedman") caused Great Bend to be sold at public auction sale in connection with those foreclosure proceedings then pending in the Circuit Court for Anne Arundel County, Maryland and captioned as *Alvin E. Friedman, et al, Substitute Trustees v. Paul E. Ogle, III, et al*, *Defendants* (Case No. 02-C-04-099902).

29. At the sale conducted as aforesaid, Boswell, represented by Alex Le in a stated capacity of "Partner", was the successful bidder for Great Bend with a high bid of $147,000.00. See *Memorandum of Purchase at Public Auction* dated September 16, 2004 attached hereto and incorporated by reference herein as "Exhibit 15".

30. Following the auction sale as described aforesaid, Friedman filed its *Report of Sale* with the Circuit Court for Anne Arundel County, Maryland; which said *Report of Sale* is

---

[5] As the Court will recall, 7915 Jensen Place is a property titled in the name of Minh Vu Hoang's siblings, Hao Q. Vu and Hung Vu. Said location has been utilized in the past by the Debtor Minh Vu Hoang as an alternative business address and was the subject of a search warrant and record seizure by federal law enforcement authorities separately investigating the affairs of Minh Vu Hoang.

attached hereto and incorporated by reference herein as "Exhibit 16". By its *Final Order* entered November 23, 2004, Friedman's sale of Great Bend to Boswell as described in the *Report of Sale* was ratified and confirmed; a copy of said *Final Order* being attached hereto and incorporated by reference herein as "Exhibit 17".

      31. Following the entry of that *Final Order*, the Debtors acting through Boswell, sought to delay closing with Friedman and utilize the intervening period to seek to obtain a Substitute Purchaser to whom Great Bend could be sold to generate a profit prior to Boswell being required to take title to Great Bend. In that regard, Boswell filed its *Motion With Consent for Substitution of Purchaser* in the said Circuit Court seeking to substitute Michelle G. Watson as the purchaser of Great Bend; a copy of said *Motion* being attached hereto and incorporated by reference herein as "Exhibit 18". By its *Order* entered April 13, 2005, the said Michelle G. Watson was substituted as the purchaser of Great Bend; see copy of said *Order* attached hereto and incorporated by reference herein as "Exhibit 19". Apparently contemplating a prompt closing with Ms. Watson, Boswell closed upon the purchase of Great Bend with Friedman on or about April 13, 2005 as appears by reference to that *HUD-1 Settlement Statement* prepared by Gemini Title & Escrow, LLC "Gemini"; a copy of which said *HUD-1 Settlement Statement* is attached hereto and incorporated by reference herein as "Exhibit 20". As appears by reference to said *HUD-1 Settlement Statement*, Boswell caused to be paid to Friedman net settlement proceeds of $140,312.07 (Line 603) as well as resale fees apparently incurred in connection with the delay by Boswell in closing of $4,267.89 (Line 1303).

      32. Notwithstanding the closing by Boswell with Friedman as noted aforesaid, and the approved substitution of Ms. Watson as purchaser of Great Bend, Ms. Watson apparently

defaulted on her agreement with Boswell. As such, Boswell thereafter obtained from said Circuit Court a second *Order* entered June 29, 2005 vacating the prior *Order* approving Ms. Watson as the substituted purchaser of Great Bend and substituting in her place and stead Harry and Jody Wadsworth; a copy of said *Order* being attached hereto and incorporated by reference herein as "Exhibit 21".

33. Following the entry of said last *Order* approving the substitution of Harry and Jody Wadsworth as purchasers of Great Bend, closing upon the Wadsworth purchase ultimately wasw conducted by Mid-Atlantic on July 12, 2005 as appears by reference to that *HUD-1 Settlement Statement* of that date; a copy of which said *HUD-1 Settlement Statement* being attached hereto and incorporated by reference herein as "Exhibit 22".

34. Following that closing as aforesaid, Friedman executed and delivered its *Deed* dated June 30, 2005; which said *Deed* is recorded among the Land Records of Anne Arundel County, Maryland at Liber 16878, folio 262; a copy of which said *Deed* is attached hereto and incorporated by reference herein as Exhibit 23.

35. Said *HUD-1 Settlement Statement* (which refers to the Seller of Great Bend as "Boswell General Partnership") reveals that net settlement proceeds were payable to Boswell in connection therewith in the amount of $193,838.96. Those settlement proceeds were distributed, by instruction of Boswell, acting through Van T. Vu, as follows:

    a. To "Huesman Jones & Mile" (sic) in the amount of "$191,343.63 (for 521 69th)".

    b. $2,470.33 payable by check to Boswell GP ("mail check to: 9101 Clewerwall Drive, Bethesda, MD 20817").

    c.  The payment of a wire-transfer fee in the amount of $25.00.

See *Assignment of Funds* dated July 12, 2005 attached hereto and incorporated by reference herein as "Exhibit 24".

*Recapitulation of Source of Settlement Proceeds re: 69th Place*

  36.  As above-described in detail, all of the funds utilized to pay the entire purchase price of 69th Place were derived either from funds in the name of a purported partnership of which the Debtor Minh Vu Hoang was a partner (*i.e., Bradbury Heights General Partnership*), from funds patently belonging to the Debtor Minbilt Realty, Inc. or from the proceeds of the sale of another partnership (Boswell) owned wholly by the Plaintiff/Trustee as the successor to the Debtors or other persons whose interests therein have been assigned to your Plaintiff/Trustee.  As such, notwithstanding record title vested in the name of the Defendant Nutmeg, all of the equity and ownership interest in 69th Place equitably belongs to your Plaintiff/Trustee herein.

*The Pending Sale of 69th Place*

  37.  Upon due inquiry, information and belief, 69th Place has been listed for sale by the Debtor Minh Vu Hoang through the local multiple listing service and the offices of Real Estate by Owner, Inc. of Arlington, Virginia as the broker thereof.  As appears by reference to that listing information attached hereto and incorporated by reference herein as "Exhibit 25", the listing price for 69th Place is $289,900.00.

  38.  Upon further due inquiry, information and belief, the Defendant Nutmeg, acting through the Debtor Minh Vu Hoang, has accepted a *Contract for Sale* of 69th Place from Maria O. Cruz; which said sale is scheduled for closing on Tuesday, May 15, 2007 at the offices of Title Central Corporation.

39. Your Plaintiff/Trustee desires consideration by this Court of the above-described factual *milieu* as supplemented by contemplated discovery herein. Upon consideration of that factual background, your Trustee seeks the issuance by this Court of a declaration of the ownership rights of the parties with respect to 69th Place.

40. Further, your Plaintiff/Trustee desires injunctive relief to preserve the *status quo ante* with respect to 69th Place and to bar the Defendant Nutmeg from taking any action to cause 69th Place to be sold as presently contemplated.

41. Your Plaintiff/Trustee also seeks authority from this Court permitting your Plaintiff/Trustee *pendente lite* to take possession and control of 69th Place and to manage said property including the rental of the same. Further, your Trustee seeks authority from this Court to market and list 69th Place for sale and further authorizing your Plaintiff/Trustee to consummate a sale of 69th Place upon proper compliance with the provisions of the Bankruptcy Code and Rules of Procedure.

42. Finally, in order to protect the interests of all parties, your Plaintiff/Trustee seeks an Order requiring the Trustee to account for all income and expenses related to 69th Place and administratively to segregate all such funds pending this Court's final ruling on the merits of the instant litigation.

43. In the absence of such injunctive relief, your Plaintiff/Trustee respectfully urges that the Estates are placed at high risk of immediate and irreparable injury, loss and damage.

**Count I**
**(Declaratory Relief - Constructive Trust and Deed of Trust)**

44. The allegations contained in Paragraphs 1 through 43, *supra*, hereby are incorporated by reference in the body of this Count I as if fully set forth herein.

45.  The instant case presents an actual controversy within the jurisdiction of this Court upon which this Court may declare the rights and other legal relations of the parties as hereto with regard to the ownership of and status of title 69th Place as contemplated in and authorized by 28 U.S.C. §2201.

46.  As set forth aforesaid, the circumstances under which the Defendant Nutmeg acquired title to 69th Place renders it inequitable for Nutmeg to continue so to hold title against the interests of the Trustee and the Estates.

47.  Further, in light of the absence of any actual purchase money indebtedness which possibly could have been secured by the *Deed of Trust* and in consideration of the numerous irregularities with regard to the form of the same, the *Deed of Trust* should be declared to be null and void and without legal force or effect.

WHEREFORE, your Plaintiff/Trustee respectfully prays that this Honorable Court:

1.  DECLARE that 69th Place is the lawful property of the Trustee and the Bankruptcy Estates herein.

2. IMPOSE a constructive trust upon 69th Place for the exclusive benefit of the Trustee and the Bankruptcy Estates herein.

3.  DECLARE that the Defendant Nutmeg  is without any legal right, title or interest in 69th Place.

4.  DECLARE that the Plaintiff/Trustee is entitled to all dominion and control over 69th Place.

5.  DECLARE that the *Deed of Trust* is null and void and without legal force or effect.

6.  DECLARE that the *Deed of Trust* creates neither a lien or encumbrance upon 69th

Place and that the Plaintiff/Trustee's ownership, dominion and control over 69th Place is without diminution by virtue of the *Deed of Trust*.

7. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

## Count II
### (Turnover of Property to the Estate)

48. The allegations contained in Paragraphs 1 through 47, *supra*, hereby are incorporated by reference in the body of this Count II as if fully set forth herein.

49. 69th Place is property of the Estates as defined in 11 U.S.C. §541 which the Plaintiff/Trustee may use, sell or lease pursuant to 11 U.S.C. §363. As such, the Defendant Nutmeg is obliged and should be required to deliver control of 69th Place to the Trustee and account for 69th Place (including, *inter alia*, all rental or other income derived therefrom since March 8, 2005) or the value thereof pursuant to 11 U.S.C. §542(a).

WHEREFORE, your Plaintiff/Trustee respectfully prays that this Honorable Court:

1. ORDER that the Defendant Nutmeg, and all persons acting in concert or cooperation with it, deliver and turnover to the Plaintiff/Trustee all of its right, title and interest in and to 69th Place including, *inter alia,* the execution and delivery to the Plaintiff/Trustee of a good and sufficient Deed to 69th Place in form and content sufficient to effect change of record title thereto among the Land Records of Prince George's County, Maryland.

2. ORDER that the Defendant Nutmeg further provide to the Trustee and file herein a complete accounting of all income and rents derived from 69th Place from March 8, 2005 to date.

3. AUTHORIZE and DIRECT Gary A. Rosen, Trustee, *pendente lite*, to take possession of and manage 69th Place, including the rental thereof; subject to the obligation of the Trustee

administratively to segregate the funds derived from 69th Place and to account for the same from time to time.

4. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

## Count III
## (Injunctive Relief – Defendants Nutmeg, Minh Vu Hoang and Thanh Hoang)

50. The allegations contained in Paragraphs 1 through 49, *supra*, hereby are incorporated by reference in the body of this Count III as if fully set forth herein.

51. As is described aforesaid, the prospective sale of 69th Place by Nutmeg to Maria O. Cruz as presently scheduled to be consummated on May 15, 2007 will divest the Estates of a valuable asset. In light of the demonstrative proclivity of the Defendants Minh Vu Hoang and Thanh Hoang for the obscuring or secretion of assets, your Plaintiff/Trustee respectfully submits that any such closing on the sale of 69th Place to Ms. Cruz likely will result in the practical denial to the Trustee and the Bankruptcy Estates of any of the benefits of said sale. As such, your Plaintiff/Trustee respectfully urges that the Defendants Nutmeg, Minh Vu Hoang and Thanh Hoang must be restrained and enjoined from the transfer of any interest in or the creation of any further encumbrance upon 69th Place.

WHEREFORE, your Plaintiff/Trustee respectfully prays that this Honorable Court:

1. TEMPORARILY RESTRAIN and/or PRELIMINARILY ENJOIN and/or PERMANENTLY ENJOIN the Defendants Nutmeg, Minh Vu Hoang and Thanh Hoang, and all persons acting in cooperation and concert with it, from taking any action to transfer any interest in 69th Place, legal or equitable, fee simple or leasehold, partial or otherwise, and from encumbering in anyway the title to 69th Place, except as otherwise ordered by this Court.

2. TEMPORARILY RESTRAIN and/or PRELIMINARILY ENJOIN and/or PERMANENTLY ENJOIN the Defendants Nutmeg, Minh Vu Hoang and Thanh Hoang, and all persons acting in cooperation and concert with it, affirmatively to execute and deliver to the Plaintiff/Trustee a good and sufficient Deed to 69th Place in form and content sufficient to effect change of record title thereto among the Land Records of Prince George's County, Maryland..

3. TEMPORARILY RESTRAIN and/or PRELIMINARILY ENJOIN and/or PERMANENTLY ENJOIN the Defendants Nutmeg, Minh Vu Hoang and Thanh Hoang, and all persons acting in cooperation or concert with it, from taking any action to hinder, instruct, impede or otherwise frustrate the Trustee in his management of 69th Place and the marketing and sale of 69th Place.

4. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

### Count IV
### (Sale Free and Clear)

52. The allegations contained in Paragraphs 1 through __, *supra*, hereby are incorporated by reference in the body of this Count IV as if fully set forth herein.

53. 69th Place constitutes property of the Estates.

54. The purported interest of the Defendant Nutmeg in 69th Place is in *bona fide* dispute as described aforesaid and as contemplated in 11 U.S.C. §363(f)(4).

55. Your Trustee desires to sell 69th Place free and clear of the interests of the Defendant Nutmeg with the interest of the said Nutmeg, if any, attaching to the net proceeds derived from said sale.

56. Your Trustee proposes to market and sell 69th Place through the utilization of the

local multiple listing service and the services of an agent to be approved by this Court. Upon receipt of an offer acceptable to him, your Trustee proposes to provide *Notice* of his intended sale of 69th Place as required by the provisions of 11 U.S.C. §363(b) and the Bankruptcy Rules of Procedure.

      WHEREFORE, your Plaintiff/Trustee respectfully prays that this Honorable Court:

      1. AUTHORIZE the Plaintiff, Gary A. Rosen, Trustee to sell 69th Place free and clear of all interests of the Defendant Nutmeg with all such valid interests, if any, attaching to the net proceeds derived from said sale.

      2. AUTHORIZE the Plaintiff, Gary A. Rosen, Trustee, to list 69th Place for sale with a multiple listing service through the offices of a real estate agent to be approved by this Court upon proper *Application* therefor by the Trustee with any sale subject to notice to all parties-in-interest and opportunity to object thereto as provided by the Bankruptcy Code and Rules of Procedure.

      3. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

Respectfully submitted,

GARY A. ROSEN, CHARTERED

Dated:   May 14, 2007            By:    */s/ Gary A. Rosen*
                                             Gary A. Rosen
                                             One Church Street, Suite 802
                                             Rockville, MD 20850-4158
                                             Telephone: (301) 251-0202

                                              SCHLOSSBERG & ASSOCIATES

                                              By:  */s/ Roger Schlossberg*
                                                    Roger Schlossberg
                                                    134 West Washington Street
                                                    P.O. Box 4227
                                                    Hagerstown, MD 21741-4227
                                                    Telephone: (301) 739-8610

                                                    Attorneys for Trustee